IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CRIMINAL NO. DKC 08-0289 |
| MICHAEL K. LEWIS, et al. | * | |
| | * * * | |

## REPORT AND RECOMMENDATION

This case was referred to me pursuant to Section 3664(d)(6) of Title 18 of the United States Code for proposed findings of fact and recommendations regarding the amount of restitution to award to victims of the offenses underlying the convictions of Defendants Cheryl Brooke, Michael Lewis, Earnest Lewis and Winston Thomas. A hearing was held on November 19, 2009, at which testimony was presented by the government and Defendant Brooke and proffers of testimony were received from counsel for some of the victims. Due to issues raised during the hearing, the government, with the consent of all counsel, sought an extension of time in which to submit proposed findings of fact and restitution amounts for each victim. The government's submission was filed on December 21, 2009. Dkt. No. 218. On January 21, 2010, Defendant Cheryl Brooke filed a concurrence with the government's amended restitution figures. Dkt. No. 221. No other Defendant, and no victim, filed a response to the government's amended figures, and the matter is now ready for issuance of a final order of restitution.

Defendants Cheryl Brooke, Michael Lewis, and Earnest Lewis pled guilty to Count I of the indictment, Conspiracy to Commit Wire Fraud, in violation of Section 1349 of Title 18 of the United States Code. *See* Dkt. Nos. 1, 100, 110, 116. Defendant Winston Thomas pled guilty to Count I, Conspiracy to Commit Wire Fraud in violation of Section 1349, of a superceding information. *See* Dkt. Nos. 104, 105. The Government presents a factual summary of the

conspiracy in its Memorandum in Aid of Restitution Hearing, Dkt. No. 200, and its Supplemental Memorandum in Aid of Restitution, Dkt. No. 218, which are unopposed and hereby adopted.  In essence, the Defendants' scheme targeted homeowners who had equity in their homes and were facing foreclosure.  The homeowners were duped into participating in a fraudulent lease/buy-back program that effectively stripped them of their equity and caused them to suffer other losses.  Each Defendant signed a plea agreement in which he or she consented to entry of an order of restitution for the full amount of the victim's losses as determined by the court.  *See* Dkt. Nos. 101, 107, 111, 117.

Defendants Earnest Lewis and Cheryl Brooke filed objections to the government's pre-hearing restitution proposal, Dkt. Nos. 192 and 197, and Defendants Michael Lewis and Winston Thomas joined Defendant Brooke's objections.  Dkt. Nos. 201 and 202.  In addition, Defendant Brooke testified at the hearing, and all Defendants adopted her objections and testimony.  Five of the thirteen victims also filed, through counsel, requests for restitution and objections to certain of the government's initial proposals.  Dkt. Nos. 178, 181, 193, 199.

Section 3663A of Title 18 of the United States Code, the Mandatory Victim Restitution Act (MVRA), requires the court to order restitution to victims of crimes involving loss of property.  The amount ordered must equal the greater of the value of the property on the date of loss or on the date of sentencing, minus any part of the property that is returned to the victims.  § 3663A(b)(1)(B).  Victims are also entitled to reimbursement for lost income and necessary child care, transportation, and other expenses incurred during participation in the proceedings related to the offense.  § 3663A(b)(4).  A "victim" is "a person directly and proximately harmed as a result of the commission of an offense," including, in conspiracy cases, "any person directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy."  § 3663A(a)(2).

Each victim is entitled to a restitution order that reflects the full amount of his or her losses.  18 U.S.C. § 3664(f)(1)(A).  The amount must be limited to provable actual loss.  *United States v. Harvey*, 532 F.3d. 326, 339-40 (4th Cir. 2008).  The burden is on the government to prove the amount of each victim's loss by a preponderance of the evidence.  18 U.S.C. § 3664(e); *United States v. Mullins*, 971 F.2d 1138, 1147 (4th Cir. 1992).  Each defendant can be held jointly and severally liable for the full amount of restitution, or the court can apportion liability among defendants based on their level of contribution to the loss and their economic circumstances.  18 U.S.C. § 3664(h).

The government presented testimony of United States Postal Inspector Deborah L. Epps, the lead investigative agent in the case.  Inspector Epps identified and explained the documents used in calculating each victim's losses, which were summarized in Government's Hearing Exhibit 1, supported by Hearing Exhibits 2-18, and now supplemented by Attachments 1 and 2 to the government's supplemental memorandum, Dkt. No. 218, and Attachments 1 and 2 to the government's second supplemental memorandum.  Dkt. No. 231.  None of the Defendants questioned Inspector Epps, but counsel for some of the victims elicited her testimony that she could not recall asking the victims whether they suffered any losses other than those reflected in government's Exhibit 1.  Inspector Epps also testified that victim Joy Henderson-Ross worked for Defendants' company and was not entitled to recover rent payments which she claimed had been deducted from her wages because the deductions could not be substantiated.

Defendant Cheryl Brooke testified that the government had wrongly failed to credit Defendants with down payments on the victims' homes made by Earnest Lewis from his personal funds.  She also testified that her records indicated that Defendants' company made mortgage and other payments on behalf of several victims for which Defendants were not

3

credited in the government's calculations.  Defendants' Exhibit 1 reflects the payments Ms. Brooke claims were not credited.  These payments have now been reviewed by the government and are reflected in the attachments to the government's supplemental memoranda.  Dkt. Nos. 218 and 231.

After testimony was concluded, counsel for the victims proffered that Ms. Massey would testify that Ms. Henderson-Ross appeared with Earnest Lewis to testify at a proceeding involving evicting Ms. Massey from her home, and that Ms. Taylor would testify that Ms. Henderson-Ross was involved in preparing and filing Ms. Taylor's bankruptcy petition.  Counsel also proffered (1) that the Speights, Ms. Massey and Ms. Taylor would testify that the government did not ask them whether they suffered any damage to their credit and that they have been charged higher interest rates on loans since they were victimized by Defendants; (2) that the Speights would testify that they will be losing their house; and (3) that Ms. Massey would testify that she will not be able to afford her future home mortgage payments and that she received less at the settlement than the government has represented.  Counsel for Ms. Hubbard proffered that she would testify that she now owes more on her house than she did prior to being victimized by Defendants. Counsel withdrew the previously filed request for recovery of attorneys' fees and assertion that restitution should be awarded to each victim in an equal amount.

In its restitution proposal, the government identified specific losses by category. "Bankruptcy" represents the amount the victim paid to Defendant Brooke for a bankruptcy filing. Defendant Brooke filed these bankruptcy cases to stay foreclosure proceedings so that Defendant Earnest Lewis could purchase the homes.  The government submits that no victim who paid a bankruptcy filing fee received anything of value in return.  The category identified as "Appraisal" is the amount paid for a property appraisal obtained by Defendant Lewis prior to his

4

purchase of the property. Some of the victims reimbursed Defendant Lewis for the appraisal fee. As the victims did not receive anything of value for the bankruptcy and appraisal fees, they are entitled to recover them.

"Rent" is the total payment made by the victim to Defendants to lease back the home after Defendants took title to it, minus any payments Defendants made toward the mortgage taken out on that victim's home. After reviewing its own records and notes provided by Defendant Brooke during her testimony, the government has amended its restitution figures to account for additional credits to Defendants in this category. Defendant Brooke now agrees with the government's figures in this category, Dkt. No. 221, and no other Defendant and no victim has objected to them. These amounts are properly supported and should be included in the restitution award.

The house status categories, House Recovered and House Relinquished, reflect the equity payments Defendants received at settlement when they took title to the victim's home minus any money returned to the victim. Calculations in this category are detailed in Government's Hearing Exhibits 2 and 17, and should be included in the victims' awards.

The government determined, based on information provided by the victims, whether they lost wages or other property, or incurred expenses during their participation in the investigation and prosecution of the offense. Attachment 2 to the government's supplemental memorandum, Dkt. No. 218, contains documentation recently received from three of the victims supporting additional losses in these categories. All losses shown in Attachment 1 of the supplemental memorandum are adequately supported and should be awarded. In addition, an alleged utility bill payment by Defendant Lewis on behalf of victim Massey has been confirmed and deducted from the restitution amount owed to her.

Although Defendant Brooke, joined by the other Defendants, contended at the hearing that Defendants should be credited with any down payments on victims' homes made by Earnest Lewis, the government proffered that Defendant Lewis was reimbursed for those payments from the proceeds of the equity stolen from the victims.  No Defendant has denied this allegation and Defendant Brooke states that she now agrees with the government's amended restitution figures.  Accordingly, no credit for purported down payments should be given.

Neither the fact that Ms. Henderson-Ross was employed by Defendants nor the allegation that she was involved in some of Defendants' activities regarding other victims affects her entitlement to restitution.  There is no evidence that she was aware of, much less a co-conspirator in, any criminal activity.  Moreover, a mere claim that she had unclean hands, even if proven, would not be a basis for denial of restitution so long as her own losses are, as the government has shown, genuinely caused by Defendants' criminal conduct.  *See United States v. Ojeikere*, 545 F.3d 220 (2d Cir. 2008).

Other alleged losses for which no documentation was provided are not recoverable, although, as noted below, properly supported amended requests may be submitted.

In conclusion, the court should accept the government's proposed restitution figures and enter an order of restitution as follows:[1]

| | |
|---|---:|
| Teresa Fenner | $40,488 |
| Samuel and Amelia Sewell | 69,822 |
| Jeffrey and Michelle Gale | 50,261 |
| Joy Henderson-Ross | 17,141 |
| Karen Milton[2] | 26,961 |
| Gwendolyn Poteat | 53,140 |
| Thurman and Janet Speight* | 69,307 |
| Cecilia and Wheeler Collins | 132,232 |
| Terry Massey | 17,600 |

---

[1] All numbers are rounded to the nearest whole dollar amount.
[2] The government's supplemental memorandum, Dkt. No. 218 at Attachment 1, includes $491 in lost wages for Ms. Milton which is lacking in evidentiary support.

|  |  |
|---|---|
| Claretta Taylor* | 8,463 |
| Patricia Richardson | 55,337 |
| Phyllis Hubbard | 67,034 |
| Paula Gordon | 53,200 |
| Total | $660,986 |

No Defendant has offered evidence or argument regarding his or her economic circumstances or level of contribution to the victims' losses.  Accordingly, the order should provide that each Defendant is jointly and severally liable for the full amount of restitution.

Date:  February 22, 2010                                                /s/                         
                                                                        JILLYN K. SCHULZE
                                                                        United States Magistrate Judge

---

*Victims Taylor and Speight have indicated that they may request amended restitution orders pursuant to 18 U.S.C. § 3664(d)(5).